# Case No. 6,735.

## In re HOUSE.

### [1 N. Y. Leg. Obs. 348.]

District Court, S. D. New York. Jan., 1843.

#### BANKRUPTCY—PREFERENCE OF CREDITORS.

Where it appeared that the debtor was in a state of apparent insolvency in July and September last, there being executions in the sheriff's hands against him, and no property to satisfy them, and that on the 20th of August last he had assigned all his stock of goods in his store to M. & M. (one of whom was his father-in-law), thereby paying a debt of upwards of $3,000 due to that firm by him individually, and as one of the firm of H. & M., and on his examination he stated that there were debts due him to the amount of $10,000, but which debts appeared to be but of small if of any value, *held*, that the assignment, under the cir-

[2] [From 2 N. B. R. 92 (Quarto, 33).]

cumstances, amounted to a preference, and was made in contemplation of bankruptcy.

[In the matter of the petition of the creditors of Samuel A. House.]

This was an application by a creditor for an involuntary decree, and came before the court on the report of Mr. Commissioner Campbell. The principal question for adjudicating upon was whether an assignment, made and executed by the debtor, amounted to a preference, and was given in contemplation of bankruptcy.

A. U. Lyon, for bankrupt.
J. W. Wheeler, for creditor.

BETTS, District Judge. This is a case of involuntary bankruptcy. The petition was filed by a creditor on the 8th of October, alleging the act of bankruptcy to be a fraudulent sale and transfer of his goods by the debtor, etc., in contemplation of bankruptcy, and with intent to give a preference to particular creditors over others. This allegation is denied by the debtor, and, in his objections filed, he also denies that he owed the petitioning creditor $500, or that he was insolvent. Proofs were taken on the issue before Commissioner Campbell. It stands fully established upon the testimony of the deputy sheriff, Willett, that this debtor was in a state of apparent insolvency in July and September last, there being executions in the sheriff's hands against him, and no property to be found to satisfy them; and, independent of the deposition of the prosecuting creditor, the testimony of the debtor on his examination clearly shows that the petitioning creditor had a debt owing him by this debtor when the petition was filed exceeding $500. On the 20th of August last, the debtor transferred and conveyed all his stock of goods in his store to Morrison & Manning, paying thereby a debt of over $3,000 due that firm by him individually, and as one of the firm of House & Morrison. He states, on his examination. that there are outstanding debts due him to the amount of about $10,000, but it is manifest from the account given of them that their positive value is small, and, indeed, it is very equivocal whether they can be justly rated as of any worth. The transfer of the whole stock of goods placed in the control of Morrison & Manning, all the estate of the debtor that seems to have been at that time available, and considering the amount of his indebtedness, the pressure of executions over him, the presumption amounts to almost positive proof that he made the assignment to secure a preference to that concern (one of which was his father-in-law), and that it was done in contemplation of his own bankruptcy. Upon the evidence, as reported to me, I accordingly decide that the petition is supported, and the objections are to be overruled and disallowed, and that a decree of bankruptcy pass against the debtor.